1
2
3
4
5                            **UNITED STATES DISTRICT COURT**
6                                 **DISTRICT OF NEVADA**
7
8    VAFA SHAMSAI-NEJAD,                    )
                                           )
9                            Plaintiffs,    )     Case No. 2:12-cv-01203-MMD-GWF
                                           )
10   vs.                                    )     **ORDER**
                                           )
11   CCPD, et al.,                          )     Application to Proceed in Forma
                                           )     Pauperis (#1) and Screening of Complaint
12                           Defendants.    )
     _____ )
13
14          This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis
15   (#1), filed on July 7, 2012.
16                                  **BACKGROUND**
17          It appears Plaintiff is alleging harassment by Defendant Las Vegas Metropolitan Police
18   Department (LVMPD).  Plaintiff claims that from 2002 to 2009, she was subjected to repeated
19   harassment by LVMPD stemming from an alleged false arrest, a child abuse accusation, and a report of
20   sexual harassment.  Plaintiff also alleges that Defendant Wolfson did not provide truthful counsel
21   regarding the alleged false arrest.  Defendants AT&T and Cox Cable Company are named-Defendants
22   in Plaintiff's Complaint (#1), however, no facts are provided alleging claims against them.
23                                  **DISCUSSION**
24   **I.    Application to Proceed In Forma Pauperis**
25          Plaintiff filed this instant action and attached a financial affidavit to her application and
26   complaint as required by 28 U.S.C. § 1915(a).  Reviewing Shamsai-Nejad's financial affidavit pursuant
27   to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.  As a result,
28   Plaintiff's request to proceed in forma pauperis in federal court is granted.

## II.     Screening the Complaint

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario.  *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III.     Instant Complaint

To bring an action before federal district court, a plaintiff must state a federal question or the parties must be completely diverse in citizenship.  *See* 28 U.S.C. §§ 1331 and 1332.  Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction.  *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).

### A.     Federal Question Jurisdiction

Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction*

1   *Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)).  The presence or absence of federal-question

2   jurisdiction is governed by the "well-pleaded complaint rule."  *Caterpillar, Inc. v. Williams*, 482 U.S.

3   386, 392 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a

4   federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id*.  "'Dismissal

5   for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only

6   when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise

7   devoid of merit as not to involve a federal controversy.'"  *United States v. Morros*, 268 F.3d 695, 701

8   (9th Cir. 2001) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quotation

9   omitted)).  It appears Plaintiff is alleging harassment pursuant to Nevada Revised Statute 200.571.

10  There are no other federal causes of action alleged and the Court cannot conceive one.  Because this

11  matter does not appear to arise under federal law, the Court does not have federal question jurisdiction.

12         **B.       Diversity Jurisdiction**

13         Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in

14  diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the

15  matter is between "citizens of different States."  Diversity jurisdiction requires Plaintiff to be diverse

16  from all named Defendants.  *See* 28 U.S.C. § 1332.  Plaintiff and Defendant Las Vegas Metropolitan

17  Police Department are Nevada citizens, and therefore the complete diversity requirement is not

18  satisfied.  Because there are no grounds to suggest federal jurisdiction, the Court finds that it lacks

19  subject matter jurisdiction over this matter.  The Court will allow Plaintiff an opportunity to amend her

20  complaint to allege facts sufficient to state a claim that arises under federal jurisdiction.

21         **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in Forma Pauperis (#1) is

22  **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars

23  ($350.00).

24         **IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion

25  without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

26  This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at

27  government expense.

28  . . .

3

1     **IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) is **dismissed** without

2   prejudice, with leave to amend.  Plaintiff shall have until **September 3, 2012** to file an amended

3   complaint correcting the noted deficiencies.  Failure to file an amended complaint within the time

4   allowed may result in a recommendation that Plaintiff's action be dismissed with prejudice.

5     DATED this 6th day of August, 2012.

6

7

8   GEORGE FOLEY, JR.
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28